IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-10-0250 |
| | § | |
| CANDIDO CASTILLO DE LEON | § | (Civil Action No. H-11-0370) |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Candido Castillo De Leon, arguing that prison officials have incorrectly calculated his sentence [Doc. # 28]. The Court has construed the motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The government has answered with a motion to dismiss [Doc. # 33]. De Leon has not filed a reply and his time to do so has expired. The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, De Leon's petition is denied for the reasons set forth below.

### I.  BACKGROUND

De Leon is a native and citizen of Mexico. He was admitted to the United States in 1987, as a lawful permanent resident alien. De Leon was convicted of driving while intoxicated ("DWI") in 1989, 1990, and again in 2003. Thereafter, De Leon was convicted on three separate occasions for driving while his license was invalid. In 2005, De Leon was charged with three separate felony offenses: felony DWI; possession of a controlled

substance; and theft.  After De Leon entered a guilty plea to each of the felony charges against him, the 291st District Court of Dallas County, Texas, sentenced him to serve four years of probation in each case.  As a result of these felony convictions, an immigration judge entered an order of removal against De Leon, who was deported to Mexico on June 28, 2007.

De Leon concedes that he returned to the United States illegally in October of 2008. De Leon was arrested in Dallas and charged with violating the terms of his probation.  On January 14, 2009, the 291st District Court of Dallas County, Texas, revoked De Leon's probation and sentenced him to serve three years in prison.  On March 10, 2009, immigration officials encountered De Leon in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") in Huntsville.  Fingerprint records confirmed that De Leon was the same person who was previously deported from the United States as the result of a prior felony conviction.  A review of immigration records revealed no evidence that he had obtained permission to return to the United States.

On April 21, 2010, a grand jury in this district returned an indictment against De Leon, charging him with illegal re-entry into the United States following deportation for having been convicted of an aggravated felony.  Shortly thereafter, on April 27, 2010, De Leon was paroled from TDCJ and transferred into custody of the United States Marshal's Service.  On May 26, 2010, De Leon pleaded guilty to the  illegal re-entry charges against him.  On September 30, 2010, this Court sentenced De Leon to serve 22 months in federal prison, followed by a 3-year term of supervised release.  De Leon did not appeal.

De Leon has now filed a motion for relief from his sentence, which the Court has construed as a petition for relief under 28 U.S.C. § 2241. In that respect, De Leon does not challenge the validity of his guilty plea or his federal sentence here. Instead, he seeks relief from the calculation of his term of confinement by the Bureau of Prisons. De Leon argues that he is entitled to credit for time served in state prison, from the date that federal officials discovered his illegal immigration status on March 10, 2009, through April 27, 2010, when he was transferred into custody of the United States Marshal's Service. The government has filed a response, arguing that De Leon's motion must be denied. The parties' contentions are addressed briefly below.

## II.    STANDARD OF REVIEW

Because the defendant challenges the duration of his sentence of confinement, his motion is governed by the federal habeas corpus statutes. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that the function of habeas corpus is to secure immediate or speedier release from unlawful imprisonment). Although the defendant sought relief initially under 28 U.S.C. § 2255, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (comparing collateral attacks upon a conviction or sentence based on errors at trial or sentencing, which are governed by 28 U.S.C. § 2255, with habeas corpus petitions challenging the manner in which a sentence is executed, which are governed by 28 U.S.C. § 2241).

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody

in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, the writ of habeas corpus envisioned by 28 U.S.C. § 2241 is considered "extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992)).

### III.   DISCUSSION

#### A.   Habeas Corpus Jurisdiction

At the outset, the government argues that the defendant's habeas petition must be dismissed for lack of jurisdiction because he is not incarcerated within the Southern District. It is true that a habeas petition which "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration" must be "filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Accordingly, a person wishing to challenge the propriety of his detention under 28 U.S.C. § 2241 must file his habeas corpus petition in the federal district in which he is physically present. *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (emphasizing that "the district of incarceration is the only district that has jurisdiction to entertain [an applicant's] § 2241 petition").

The government notes that the defendant is currently in custody at the Dalby Correctional Institution in Post, Texas. This facility is located in the Northern District of Texas, and not the Southern District of Texas, Houston Division. The pleadings and the

4

chronology provided by the defendant, however, reflect that he was incarcerated at the Federal Detention Center in Houston when he filed the pending habeas petition for relief from his sentence. Because the defendant was in Houston when he filed his habeas petition, his subsequent transfer to a prison facility outside of the Southern District of Texas does not defeat jurisdiction. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus relief" and is not destroyed upon the petitioner's transfer or custodial change) (citations omitted); *see also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (stating that, "[t]o entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian") (emphasis added). Accordingly, contrary to the government's contention, this Court has jurisdiction to entertain the petition.

### B. The Petition is Without Merit

The government argues, in the alternative, that the petition is without merit because the defendant is not entitled to the credit that he seeks. As noted above, De Leon seeks credit for time served in TDCJ from March 9, 2010, through April 27, 2010, when he was transferred into custody of the United States Marshal's Service. Noting that De Leon was serving a state court sentence of imprisonment while in TDCJ, the government maintains that the defendant's federal sentence has been calculated correctly and that he is not entitled to any credit for time served while he was in state custody.

The authority to calculate federal prison sentences, and to grant pre-sentence credit of the sort requested by the defendant, is vested with the United States Attorney General,

which power is delegated to the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 331-33 (1992); 28 C.F.R. § 0.96 (2008). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." *United States v. Smith*, 812 F. Supp. 368, 370 (E.D.N.Y. 1993). Both determinations are governed by 18 U.S.C. § 3585. According to this statute, a sentence to a term of imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Credit is allowed for prior custody only if the time spent in official detention is not credited against another sentence:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> (1)  as a result of the offense for which the sentence was imposed; or
>
> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Thus, the statute governing the calculation of federal sentences prohibits the award of "double credit." *Wilson*, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that "a defendant could not receive double credit for his detention time").

According to the chronology of his confinement, De Leon was arrested on state charges and placed in custody in Dallas, Texas, in January of 2009, for violating the

conditions of his probation. As a result of that arrest, De Leon received a three-year sentence of imprisonment in TDCJ, where he remained until his transfer to federal custody to face charges outlined against him in a federal indictment. Because De Leon was serving a state prison sentence during the time period at issue, 18 U.S.C. § 3585(b) prohibits the award of double credit. *See Wilson*, 503 U.S. at 337. In other words, because the time that De Leon spent in state custody was credited toward his state prison sentence, he is not entitled to receive credit again toward his federal sentence under § 3585(b). *See Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) (holding that the BOP was not required to credit time spent in state custody toward the defendant's federal sentence because that time was already "credited against another sentence").

De Leon does not provide any valid basis for the time credit that he seeks.[1] Accordingly, De Leon fails to show that he is entitled to credit for the time served prior to April 27, 2010, or that his sentence has been calculated incorrectly. It follows that he is not entitled to relief from his sentence under 28 U.S.C. § 2241.

## IV.   CONCLUSION AND ORDER

---

[1] De Leon alleges that he is entitled to credit for time served in state custody pursuant to 18 U.S.C. § 4105(b). Under § 4105(b), a "transferred offender" may be given credit toward the service of a federal sentence "for any days, prior to the date of commencement of the sentence, spent in custody in connection with the offense or acts for which the sentence was imposed." Importantly, this statute refers to offenders who have been transferred from a foreign country pursuant to a prisoner transfer treaty. *See, e.g, Fernandez-Hernandez v. United States Parole Comm'n*, 401 F. App'x 924, 2010 WL 46608791 (5th Cir. 2010) (addressing a transferred prisoner's request for sentence credit for time spent in custody while awaiting extradition for kidnapping offenses under Mexican law). Thus, this statute does not apply.

Based on the foregoing, the Court **ORDERS** as follows:

1. The government's motion to dismiss [Doc. # 33] is **GRANTED**.

2. The defendant's motion for relief from his sentence [Doc. # 23] is **DENIED**.

3. The corresponding civil action (H-11-0370) is **DISMISSED** with prejudice.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>May 11</u>, 2011.

_____
Nancy F. Atlas
United States District Judge